**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARIA GUADALUPE ANGULO, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:18-cv-02026 |
| SPARK ENERGY, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes MARIA GUADALUPE ANGULO ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of SPARK ENERGY, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

### PARTIES

1

4.   Plaintiff is a 24 year old person residing at 34 North Lind Avenue, Apartment 2, Hillside, Illinois, which lies within the Northern District of Illinois.

5.   Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6.   Defendant is a utility company organized under the laws of the state of Texas with its principal place of business located at 12140 Wickchester Lane, Suite 100, Houston, Texas. Defendant regularly conducts business with consumers in Illinois.

7.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action

FACTS SUPPORTING CAUSES OF ACTION

9.   In February 2018, Plaintiff began receiving calls to her cellular phone, (708) XXX-8349, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 8349. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Defendant has used a variety of phone numbers when placing phone calls to Plaintiff's cellular phone, including but not limited to: (630) 358-6162, (630) 358-6170, (630) 358-6208, (630) 358-6221, (630) 358-6225, (630) 381-4037, (630) 246-2595, (630) 358-6236, (630) 358-6237, (630) 358-6240, and (630) 487-5024. Upon belief, Defendant has used additional numbers.

12. Upon information and belief, Defendant regularly utilizes the above referenced phone numbers during its solicitation efforts.

2

13. Upon answering Defendant's calls, Plaintiff experiences a noticeable pause, lasting several seconds in length, as well as an audible beep prior to being connected to a live representative.

14. Upon speaking with Defendant, Plaintiff was informed that it is calling in an attempt to enroll Plaintiff in its energy services.

15. Plaintiff utilizes a different energy service provider and has never had any dealings with Defendant.

16. Aggravated by the incessant nature of Defendant's solicitation attempts, Plaintiff demanded that Defendant stop calling her cellular phone.

17. Despite Plaintiff's demands, Defendant continued to persistently call her cellular phone up until the filing of the instant action.

18. Plaintiff has received not less than 11 calls from Defendant since demanding that it stop calling.

19. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies excessive solicitation telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23.   The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

24.   Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause lasting several seconds in length and audible beep Plaintiff experienced prior to being connected with Defendant's live representative is indicative that an ATDS was being utilized to generate the phone calls. Furthermore, the nature and frequency of Defendant's contacts also suggest that Defendant used an ATDS when calling Plaintiff.

25.   Defendant violated the TCPA by placing at least 11 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Plaintiff has never had any relationship with Defendant and did not consent to being contacted by Defendant. Any consent that Plaintiff *may* have given to Defendant was specifically revoked by Plaintiff's demands that it cease contacting her.

26. The calls placed by Defendant to Plaintiff were regarding solicitation activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

27. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, MARIA GUADALUPE ANGULO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

4

b.  Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c.  Awarding Plaintiff costs and reasonable attorney fees;

d.  Enjoining Defendant from further contacting Plaintiff; and,

e.  Awarding any other relief as this Honorable Court deems just and appropriate.


Dated: March 20, 2018                                    Respectfully submitted,

s/ Nathan C. Volheim                                     s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                         Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                    Counsel for Plaintiff
Admitted in the Northern District of Illinois            Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                                 Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                      2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                  Lombard, Illinois 60148
(630) 568-3056 (phone)                                   (630) 581-5858 (phone)
(630) 575-8188 (fax)                                     (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                 thatz@sulaimanlaw.com


s/ Eric D. Coleman
Eric D. Coleman, Esq. # 6326734
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com